UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| Juan Velazquez,        |              |
|------------------------|--------------|
|          Plaintiff,    | **COMPLAINT** |
|          v.            |              |
| KAVULICH & ASSOCIATES, P.C., | **JURY TRIAL DEMANDED** |
|          Defendant.    |              |

## INTRODUCTION

1. This is an action for actual, statutory and treble damages and declaratory judgment, brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") and New York Judiciary Law § 487.

2. This action relates to Defendant's illegal, deceptive, and abusive attempts to collect rent "arrears" that were not actually owed by Plaintiff, who had never applied for, contracted for or lived in the subject dwelling.

3. Defendant, a high volume debt collection law firm, took these illegal collection actions despite being on notice that the debt was not owed and that the consumer was a victim of identity theft.

## JURISDICTION AND VENUE

4. Jurisdiction is conferred by l5 U.S.C. § l692k(d) and 28 U.S.C. § 1331.

5. This court also has supplemental jurisdiction of the state law claims asserted herein under 28 U.S.C. § 1367(a).

6. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

7. Venue in this district is proper because the defendant resides in this District and the acts and the transactions that give rise to this action occurred, in substantial part, in this district. 28 U.S.C. §§ 1391b(1) and (2).

## PARTIES

8. Plaintiff Juan Velazquez is a natural person who resides in Rochester, New York.

9. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

10. Defendant Kavulich & Associates, P. C. ("Kavulich" or "Defendant") is a third-party debt collector whose principal business purpose is the collection of debts.

11. Defendant regularly attempts to collect debts alleged to be due to another and is a "debt collector" as defined in the FDCPA, 15 U.S.C. § 1692a(6).

12. Kavulich, a New York Corporation and law firm, is engaged in the business of collecting debts in New York and maintains its principal place of business at 181 Westchester Avenue, Suite 500C, Port Chester, NY 10573.

## FACTS

13. On or about October 10, 2016, Mr. Velazquez and his wife, Maria Quiñones, received a collection letter from Kavulich seeking $7,856.00 on behalf of JIP Realty, LLC.

14. The October 10 collection letter demanded payment in connection with the alleged breach of a lease agreement for the premises known as 3154 Grand Concourse, Apt. 2B, Bronx, NY 10458.

15. Mr. Velazquez and Ms. Quiñones have never resided in, applied for, or leased this apartment.

16. In addition, although the claim is for rent for the months of July, 2013 through January, 2014, Mr. Velazquez and Ms. Quiñones lived in Puerto Rico until June 16, 2015.

17. By fax sent on November 28, 2016, Mr. Velazquez sent Kavulich a letter stating that he was the victim of identity theft and was not responsible for any debt associated with the rental property.

18. The letter attached proof of his identity, an FTC Identity Theft Report; and a police report.

19. Mr. Velazquez's letter requested that Defendant "immediately stop all collection activities about this debt. . . . [and] that you tell the business where the account was opened that this debt is the result of identity theft."

20. On January 2, 2017, notwithstanding the materials Mr. Velazquez had faxed to Kavulich, Kavulich initiated a state court collection action against him, titled *JIP Realty LLC v. Velazquez* (Bronx Civil)(12410/2016) ("the State Court Action").

21. The collection complaint in the State Court Action seeks rental arrears in the amount of $7,856.00 from Mr. Velazquez.

22. Mr. Velazquez obtained counsel in the State Court Action and filed an answer timely.

## FIRST CAUSE OF ACTION

**Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.**

23. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

24. By undertaking the above referenced collection activities, Defendants violated 15 U.S.C. § 1692 *et seq*.

25. Specifically, and without limitation, Defendant Kavulich violated the FDCPA by falsely representing the existence of and attempting to collect a debt when none existed in violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(a), 1692e(5); 1692e(8) and 1692e(10), 1692f and 1692f(1).

26. As a result of Defendant's FDCPA violations, Plaintiff has suffered actual damages, including: attorney's fees and costs to defend the State Court Action, aggravation, nervousness,

emotional distress, fear, loss of concentration, indignation, and pain and suffering.

28. As a result of these violations, Plaintiff is entitled to statutory damages of up to $1,000, actual damages, and attorney's fees and costs.

## **SECOND CAUSE OF ACTION**
### Judiciary Law § 487

28. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

29. By filing the State Court Action alleging that Mr. Velazquez was liable for rental arrears when it had no reasonable basis to believe that Mr. Velazquez had even been JIP Realty LLC's tenant much less defaulted and when Kavulich, in fact, had been provided with a letter, FTC identity theft report and police report to the contrary, Kavulich engaged in deceit and collusion (with JIP Realty LLC), with intent to deceive the state court.

30. Prior to filing suit against Mr. Velazquez, and particularly in light of the materials faxed over by Mr. Velazquez on November 28, 2016, Kavulich had a duty to meaningfully review the facts and make a reasonable inquiry into the existence of the debt and, more specifically, Mr. Velazquez's liability for same.

31. The outcome of any such reasonable inquiry would have been the cessation of all collection efforts as against Mr. Velazquez, who was a complete stranger to the transaction in question.

32. Kavulich did not make any such inquiry.

33. Instead, Kavulich filed a boilerplate rent arrear complaint against Mr. Velazquez that falsely and baselessly alleged that Mr. Velazquez had breached a lease agreement with JIP Realty, LLC, and that Mr. Velazquez was, as a result, indebted to JIP Realty, LLC for $7,856.00.

34. None of this was true, nor did Kavulich have any basis to believe it true.

35. The State Court Action complaint was signed by Gary Kavulich, who is a principal at Kavulich & Associates, P.C.

36. By signing the State Court Action complaint, Mr. Kavulich falsely certified that the claim asserted was not "completely without merit in law"; that it did not "assert material factual statements that are false", and that it was not "undertaken primarily to . . . harass or maliciously injure another." NY Rules of the Chief Administrative Judge, Rule 130-1(c); 130-1.1a

37. As a result of Defendant's deceptive conduct, Mr. Velazquez has suffered actual damages, including, without limitation: attorney's fees and costs to defend the State Court Action, aggravation, nervousness, emotional distress, fear, loss of concentration, indignation, and pain and suffering.

38. As a result of Defendant's violation of Judiciary Law § 487, Mr. Velazquez is entitled to actual damages, treble damages, costs and declaratory judgment.

**WHEREFORE,** plaintiff respectfully requests that this Court award:

(a) Declaratory Judgment that Defendant's conduct violated the FDCPA and Judiciary Law § 487;
(b) Actual damages;
(c) Statutory damages;
(d) Treble damages;
(e) Costs;
(f) Reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and
(g) Such other and further relief as law or equity may provide.

### DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury as to all issues so triable.

Dated: September 25, 2017

Respectfully Submitted,

*/s/Daniel A. Schlanger*
Daniel A. Schlanger
Kakalec & Schlanger, LLP
85 Broad Street, 18th Floor
New York, NY 10004
T: (212) 500-6114
dschlanger@kakalec-schlanger.com


Adam G. Singer, Esq.
Law Office of Adam G. Singer, PLLC
60 East 42nd Street Suite 4600
New York, NY 10165
T: (212) 842-2428
asinger@adamsingerlaw.com